UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

TAMMY HAMILTON,

                                                         **Plaintiff,**

— against —

KINGS SECURITY SERVICES INC., EVANS IMAFIDON, individually, and CARLOS (LAST NAME UNKNOWN), individually,

                                                         **Defendants.**

----------------------------------------------------------------------X

Case No.: 1:24-cv-4533 (AS)

**ANSWER**

Defendants, Kings Security Services Inc. ("Kings Security") and Evans Imafidon ("Imafidon") (Kings Security and Imafidon collectively "Defendants"), by and through their attorneys, Milman Labuda Law Group, PLLC, answer the Complaint ("Complaint") of Plaintiff, Tammy Hamilton ("Plaintiff") as follows:

## AS TO "NATURE OF THE CASE"

1. Paragraph 1 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 1 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "JURISDICTION AND VENUE"

2. Paragraph 2 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 2 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

3. Paragraph 3 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 3 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

4. Paragraph 4 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 4 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "PROCEDURAL PREREQUISITES"

5. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 5 of the Complaint

6. Paragraph 6 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 6 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "PARTIES"

7. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 7 of the Complaint.

8. Defendants admit the truth of the allegations contained in ¶ 8 of the Complaint.

9. Defendants deny the truth of the allegations contained in ¶ 9 of the Complaint.

10. Defendants deny the truth of the allegations contained in ¶ 10 of the Complaint.

11. Paragraph 11 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶11 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

12. Defendants deny the truth of the allegations contained in ¶ 12 of the Complaint.

13. Defendants admit the truth of the allegations contained in ¶ 13 of the Complaint.

14. Defendants admit the truth of the allegations contained in ¶ 14 of the Complaint.

15. Defendants admit the truth of the allegations contained in ¶ 15 of the Complaint insofar as Carlos Cruz was King Security's Human Resource Manager while Plaintiff was

employed by Kings Security and further state that Carlos Cruz is no longer employed by Kings Security.

16. Defendants deny the truth of the allegations contained in ¶ 16 of the Complaint.

## AS TO "FACTS"

17. Defendants deny the truth of the allegations contained in ¶ 17 of the Complaint.

18. Defendants deny the truth of the allegations contained in ¶ 18 of the Complaint.

19. Defendants deny the truth of the allegations contained in ¶ 19 of the Complaint.

20. Defendants deny the truth of the allegations contained in ¶ 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 21 of the Complaint.

22. Defendants deny the truth of the allegations contained in ¶ 22 of the Complaint.

23. Defendants deny the truth of the allegations contained in ¶ 23 of the Complaint.

24. Defendants deny the truth of the allegations contained in ¶ 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 27 of the Complaint.

28. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 29 of the Complaint.

30. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 30 of the Complaint.

31. Defendants deny the truth of the allegations contained in ¶ 31 of the Complaint.

32. Defendants deny the truth of the allegations contained in ¶ 32 of the Complaint.

33. Defendants deny the truth of the allegations contained in ¶ 33 of the Complaint.

34. Defendants deny the truth of the allegations contained in ¶ 34 of the Complaint.

35. Defendants deny the truth of the allegations contained in ¶ 35 of the Complaint.

36. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 36 of the Complaint.

37. Defendants deny the truth of the allegations contained in ¶ 37 of the Complaint.

38. Defendants deny the truth of the allegations contained in ¶ 38 of the Complaint.

39. Defendants deny the truth of the allegations contained in ¶ 39 of the Complaint.

40. Defendants deny the truth of the allegations contained in ¶ 40 of the Complaint.

41. Defendants deny the truth of the allegations contained in ¶ 41 of the Complaint.

42. Defendants deny the truth of the allegations contained in ¶ 42 of the Complaint.

43. Defendants deny the truth of the allegations contained in ¶ 43 of the Complaint.

44. Defendants deny the truth of the allegations contained in ¶ 44 of the Complaint.

45. Defendants deny the truth of the allegations contained in ¶ 45 of the Complaint.

46. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 46 of the Complaint.

47. Defendants deny the truth of the allegations contained in ¶ 47 of the Complaint.

48. Defendants deny the truth of the allegations contained in ¶ 48 of the Complaint.

49. Defendants deny the truth of the allegations contained in ¶ 49 of the Complaint.

50. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 50 of the Complaint.

51. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 51 of the Complaint.

52. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 52 of the Complaint.

53. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 53 of the Complaint.

54. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 54 of the Complaint.

55. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 55 of the Complaint.

56. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 56 of the Complaint.

57. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 57 of the Complaint.

58. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 58 of the Complaint.

59. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 59 of the Complaint.

60. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 60 of the Complaint.

61. Defendants deny the truth of the allegations contained in ¶ 61 of the Complaint.

62. Defendants deny the truth of the allegations contained in ¶ 62 of the Complaint.

63. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 63 of the Complaint.

64. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 64 of the Complaint.

65. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 65 of the Complaint.

66. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 66 of the Complaint.

67. Defendants deny the truth of the allegations contained in ¶ 67 of the Complaint.

68. Defendants deny the truth of the allegations contained in ¶ 68 of the Complaint.

69. Defendants deny the truth of the allegations contained in ¶ 69 of the Complaint.

70. Defendants deny the truth of the allegations contained in ¶ 70 of the Complaint.

71. Defendants deny the truth of the allegations contained in ¶ 71 of the Complaint.

72. Defendants deny the truth of the allegations contained in ¶ 72 of the Complaint.

73. Defendants deny the truth of the allegations contained in ¶ 73 of the Complaint.

74. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 74 of the Complaint.

75. Defendants deny the truth of the allegations contained in ¶ 75 of the Complaint.

76. Defendants deny the truth of the allegations contained in ¶ 76 of the Complaint.

77. Defendants deny the truth of the allegations contained in ¶ 77 of the Complaint.

78. Defendants deny the truth of the allegations contained in ¶ 78 of the Complaint.

79. Defendants deny the truth of the allegations contained in ¶ 79 of the Complaint.

80. Defendants deny the truth of the allegations contained in ¶ 80 of the Complaint.

81. Defendants deny the truth of the allegations contained in ¶ 81 of the Complaint.

82. Defendants deny the truth of the allegations contained in ¶ 82 of the Complaint.

83. Defendants deny the truth of the allegations contained in ¶ 83 of the Complaint.

84. Defendants admit the truth of the allegations contained in ¶ 84 of the Complaint.

85. Defendants deny the truth of the allegations contained in ¶ 85 of the Complaint.

86. Defendants deny the truth of the allegations contained in ¶ 86 of the Complaint.

87. Defendants deny the truth of the allegations contained in ¶ 87 of the Complaint.

88. Defendants deny the truth of the allegations contained in ¶ 88 of the Complaint.

89. Defendants deny knowledge or information sufficient to form a basis as to the truth of the allegations contained in ¶ 89 of the Complaint.

90. Defendants deny the truth of the allegations contained in ¶ 90 of the Complaint.

91. Defendants deny the truth of the allegations contained in ¶ 91 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII (Not Against Any Individual Defendant)"

92. Inasmuch as a response is required concerning the allegations contained in ¶ 92 of the Complaint, Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

93. Paragraph 93 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 93 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

94. Paragraph 94 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 94 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

95. Paragraph 95 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 95 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

96. Paragraph 96 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 96 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

97. Paragraph 97 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 97 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

98. Paragraph 98 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 98 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

**AS TO "SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII (Not Against Any Individual Defendant)"**

99. Inasmuch as a response is required concerning the allegations contained in ¶ 99 of the Complaint, Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

100. Paragraph 100 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 100 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

101. Paragraph 101 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 101 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

102. Paragraph 102 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 102 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

103. Paragraph 103 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 103 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

104. Paragraph 104 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 104 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW"

105. Inasmuch as a response is required concerning the allegations contained in ¶ 105 of the Complaint, Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

106. Paragraph 106 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 106 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

107. Paragraph 107 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 107 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

108. Paragraph 108 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 108 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "FOURTH CAUSE OF ACTION FOR RETALIATION UNDER NEW YORK STATE LAW"

109. Inasmuch as a response is required concerning the allegations contained in ¶ 109 of the Complaint, Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

110. Paragraph 110 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 110 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

111. Paragraph 111 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 111 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "FIFTH CAUSE OF ACTION FOR AIDING AND ABETTING UNDER NEW YORK STATE LAW"

112. Inasmuch as a response is required concerning the allegations contained in ¶ 112 of the Complaint, Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

113. Paragraph 113 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 113 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

114. Paragraph 114 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 114 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER CITY LAW"

115. Inasmuch as a response is required concerning the allegations contained in ¶ 115 of the Complaint, Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

116. Paragraph 116 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 116 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

117. Paragraph 117 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 117 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

118. Paragraph 118 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 118 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "SEVENTH CAUSE OF ACTION FOR RETALIATION UNDER CITY LAW"

119. Inasmuch as a response is required concerning the allegations contained in ¶ 119 of the Complaint, Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

120. Paragraph 120 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 120 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

121. Paragraph 121 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 121 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "EIGHTH CAUSE OF ACTION FOR AIDING AND ABETTING UNDER CITY LAW"

122. Paragraph 122 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 122 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

123. Paragraph 123 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 123 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

124. Paragraph 124 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 124 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## AS TO "NINTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE SUPERVISORY LIABILITY"

125. Inasmuch as a response is required concerning the allegations contained in ¶ 125 of the Complaint, Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

126. Paragraph 126 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 126 of the Complaint sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

127. Defendants deny the truth of the allegations contained in ¶ 127 of the Complaint.

128. Defendants deny that Plaintiff is entitled to the remedies sought as stated in the WHEREFORE section of the Complaint.

# DEFENDANTS' AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of Defendants.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff is not entitled to an award of attorneys' fees.

## EIGHTH AFFIRMATIVE DEFENSE

8. Defendants deny that Plaintiff suffered any emotional distress and incurred lost wages and other economic damages as a result of actions taken by Defendants, and any such damages suffered by Plaintiff are attributable to causes wholly independent of Defendants' alleged actions.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff is not entitled to an award of any damages, including but not limited to compensatory damages, punitive damages or attorneys' fees.

## TENTH AFFIRMATIVE DEFENSE

10. Defendants have at all times acted in good faith compliance with applicable law. The actions of the Defendants, as alleged in the Plaintiff's complaint, were undertaken in good faith and justified by legitimate business motives, purposes and reason, with the absence of injury to the Plaintiff, and constituted lawful, proper and justified activities. Additionally, any violation of the law, which Defendants deny, was not intentional.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities or to avoid harm otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff has failed to satisfy conditions precedent prior to asserting her NYCHRL claim.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred due to Plaintiff's failure to timely file her claims pursuant to the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants acted lawfully and in good faith and without any intent to deny Plaintiff any rights under the laws upon which this action is based.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff cannot establish that she suffered unwelcome harassment such that the workplace was permeated with discriminatory intimidation, ridicule, and insult and/or that she was harassed because of her membership in a protected class and/or that the harassment was sufficiently severe or pervasive to alter conditions of her employment and create an abusive work environment and/or that there is a specific basis of imputing the harassment to Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. The actions complained of were reasonable and in full accord with applicable law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. There is no causal link between any adverse employment action taken with respect to Plaintiff and any discriminatory or retaliatory animus.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff did not engage in protected activity.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's damages, if any, were not proximately caused by the acts or omissions of Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's claims for relief are barred, in whole or in part, to the extent that she has failed to mitigate her damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff resigned her employment, or in the alternative, was terminated due to her conduct/lack of availability, which was an intervening event between the alleged protected behavior and her termination.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Defendants are entitled to a set off against Plaintiff's alleged damages in the amount(s) which Plaintiff did or could have earned through reasonable efforts, did or could have obtained through unemployment compensation, and amount(s) paid to or on behalf of Plaintiff by Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. The same employment decisions would have been made by Defendants based upon Plaintiff's skills/availability to work, regardless of the Plaintiff's alleged allegations, which Defendants deny that she made to Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. All actions taken by Defendants were taken for legitimate, non-retaliatory and non-discriminatory/non-retaliatory reasons, and as such, Defendants did not violate any legal right possessed by Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. To the extent that Plaintiff engaged in misconduct prior to or during her employment which would have resulted in denial of her employment or in her termination, had said acts or omissions been known to Defendants, any relief awarded should be reduced, in whole or in part, due to Plaintiff having engaged in such misconduct.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Without conceding in any way to the allegations of the Complaint, at all times relevant to this action:

   a. Kings Security has promulgated, maintained and enforced policies that strictly prohibit discrimination and retaliation for any reason.

    b. These policies include a complaint procedure.

    c. These policies are uniformly and consistently applied in cases where discrimination/retaliation is alleged by employees.

    d. Without adequate reason, Plaintiff failed to utilize the complaint procedure or to invoke the policies prohibiting discrimination/retaliation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Defendants have at all times acted in good faith compliance with applicable law. Defendants have neither intentionally nor willfully violated Plaintiff's rights in any manner nor acted maliciously or negligently with respect to Plaintiff or any aspect of her employment and at no time have Defendants acted with any intent to injure Plaintiff. Therefore, Plaintiff is not entitled to liquidated damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred by the operation of the legal doctrine of "employment-at-will."

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29. The conduct complained of does not rise to the level of actionable discrimination under the New York State Human Rights Law and New York City Human Rights Law.

## THIRTIETH AFFIRMATIVE DEFENSE

30. Defendants do not condone or allow workplace discrimination or retaliation.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Plaintiffs did not suffer any adverse employment action because of her inclusion in any protected class (e.g. gender or sex), or engaging in any protected activity.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32. Plaintiff has failed to plead a prima facie case for any claim of discrimination, retaliation, or aiding and abetting discrimination and/or retaliation.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33. That at all times herein mentioned and mentioned in the complaint, all agents, servants and/or employees of Defendants having anything to do with Plaintiff were in the performance of their respective duties as agents, servants and/or employees of the Defendants; that all of the acts of such persons in connection with the Complaint were performed in good faith, without malice and with reasonable and proper cause in the ordinary course of their duties.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34. The Complaint is presented in conclusory and vague terms, which prevents Defendant from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

**WHEREFORE,** Defendants respectfully requests that the Court dismiss the Complaint in its entirety including each and every demand and prayer for relief contained in the Complaint, and grant such other and further relief that the Court deems just and proper.

**- THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK -**

Dated: Lake Success, New York
September 3, 2024

**MILMAN LABUDA LAW GROUP PLLC**

By: _/s Kyle F. Monaghan, Esq._
Joseph M. Labuda, Esq.
Kyle F. Monaghan, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com
kyle@mllaborlaw.com

*Attorneys for Defendants Kings Security Services Inc. and Evans Imafidone*