

September 3, 2024

**VIA ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re:  Hamilton v. Kings Security Services, Inc. et al
      24-cv-4533 (AS)

Dear Judge Subrumanian:

  This office represents Tammy Hamilton ("Plaintiff") in the above-mentioned matter. We write jointly with Defendants to provide this letter as directed by the Court in anticipation of the initial pre-trial conference scheduled for September 5, 2024, at 12:00 PM.

  A copy of the parties' proposed case management plan is attached.

1. Summary of Plaintiff's Claims

  Defendants hired Plaintiff as a security guard in or around September 2021. Plaintiff alleges that she immediately a hostile work environment based on her sex immediately upon starting the job. Plaintiff alleged that she was referred to as a "bitch" by Defendants staff members on a routine basis.

  Plaintiff alleged that she complained to Defendant Imafidon on her first day regarding the derogatory language being used at her worksite. Plaintiff shortly thereafter made another complaint to Defendant Carlos (Last Name Unknown) regarding the derogatory language. Plaintiff alleges that the harassment did not stop at that site for two months despite her repeated complaints.

  When Defendants moved Plaintiff, she experienced sexual harassment by Defendants' employee Imshon (Last Name Unknown). Imshon made several comments regarding her body on the first day they worked together. Plaintiff complained to Defendant Imafidon

www.sssfirm.com

NEW YORK   CALIFORNIA   NEW JERSEY   PENNSYLVANIA   LOUISIANA   ARKANSAS   NEW MEXICO   NORTH CAROLINA

445 Broad Hollow Road, Suite 419, Melville, NY 11747 | 631.420.9300



about the sexual harassment.  The next day Plaintiff called Defendant Carlos to complain about the sexual harassment. Shortly thereafter Defendants removed Plaintiff from the scheduling application and told her that she resigned. In effect, Defendants terminated Plaintiff for complaining about harassment.

As a result of Defendants actions, Plaintiff filed this lawsuit under Title VII, NYSHRL, and NYCHRL for gender discrimination, hostile work environment, sexual harassment, and retaliation.  Plaintiff filed this suit within ninety days of receiving her right to sue letter from the EEOC.

2. Summary of Defendants' Defenses

Plaintiff first began employment with Defendant Kings Security on October 1, 2021. She was assigned to work at the James Baldwin school. The schedule for security services at the James Baldwin school resulted in only a minimal overlap of security guards (i.e. Plaintiff worked the 8:00am to 4:00pm shift, and would only have a five-minute overlap with the security guard working the 12:00am to 8:00am shift and the security guard working the 4:00pm to 12:00am shift). Plaintiff quickly complained to Defendant Imafidon that she could not work at the James Baldwin school because it was too far of a commute from her residence in the Bronx. At no point prior to a phone call she had with Defendant Kings Security's human resources manager on December 2, 2021 (the call referenced in paragraphs 79 through 81) did Plaintiff make any complaints of sexual harassment. During this call, Plaintiff resigned from employment, despite Defendants' request to investigate the complaint prior to her resignation. Thus, Plaintiff did not afford Defendants any opportunity to investigate the complaints she raised, and did not retaliate against Plaintiff. Plaintiff will be unable to establish that she suffered an adverse employment action. Despite Plaintiff's self-serving statement in her Complaint that she was "shocked" to learn that she had resigned from Defendants' human resource manager, the facts will establish that Plaintiff did in fact resign from her employment on December 2, 2021. Furthermore, Plaintiff will be unable to establish that she was constructively discharged based on the facts.

Plaintiff will similarly not be able to establish any inference of discrimination. The few comments that Plaintiff alleges were made to her by two unknown security guards while she was working at the James Baldwin school (i.e. the construction site as alleged in paragraph 25 of the Complaint) are nothing more than stray remarks made by a non-decision maker. Moreover, Defendants dispute that any of Kings Security's decision makers were ever made aware of these statements until December 2, 2021, when Plaintiff



called Kings Security's human resources manager and voluntarily resigned from employment. In fact, the only complaints that Plaintiff raised with Kings Security is that the James Baldwin school was too far of a commute for her, which is why she was constantly late for her assignment there. Kings Security looked to accommodate Plaintiff's request and transferred her to a new location as soon as one was available, thus cutting off any causal link between the remarks and any alleged discrimination. Furthermore, the facts will establish that there was only a minimal overlap between Plaintiff's shift and other security guard's shifts for Kings Security at the James Baldwin school, which raises significant doubt as to the veracity and truthfulness of the alleged statements made to Plaintiff which form her claims for discrimination. In any event, these comments do not rise to the level to establish a claim for hostile work environment pursuant to the New York City Human Rights Law, New York Statement Human Rights Law or Title VII.

Lastly, Plaintiff will be unable to establish that she was subjected to any retaliation, because the facts will establish that the first time that Plaintiff complained to Kings Security about any alleged sexual harassment was on December 2, 2021, when Plaintiff called Defendant Kings Security's human resources manager to lodge her first complaint. However, Plaintiff did not afford Defendant Kings Security any opportunity to investigate and instead resigned from employment. Thus, Plaintiff will be unable to establish that she was retaliated against under any standard.

3. Statement of Jurisdiction

   Jurisdiction is proper in federal court because there are federal questions. Plaintiff brought claims under Title VII. See 28 U.S.C. §§ 1331 and 1343. Venue is proper in the Southern District of New York because she works for the City in Manhattan and acts and deprivations occurred in this venue. See 28 U.S.C. § 1391(b). The Court has supplemental jurisdiction over the State and City related claims.

   While Defendants' counsel does not currently represent Defendant Carlos (last name unknown), Defendant Carlos no longer is employed by Defendant Kings Security and as such, service on Defendant Carlos has not yet been completed as Plaintiff attempted to serve Defendant Carlos at Defendant Kings Security's place of business.

4. Existing Deadlines, Due Dates and/or Cut-Off Dates

   There are currently no existing deadlines.



5. Motions or Applications

   There are currently no motions or applications.

6. Description of Discovery that Has Taken Place

   Currently discovery has not begun or exchanged. This case is subject to the S.D.N.Y. Initial Discovery Protocols for Employment Cases providing that certain initial discovery identified in the protocols are due "within 30 days after the defendants has submitted a responsive pleading or motion, unless the court rules otherwise."

   No party anticipates requesting to stay discovery.

   The parties agree that the discovery that is likely to be material to the parties' claims and defenses in this action.

7. Settlement Discussions

   The parties believe that conducting a settlement conference or mediation before discovery is complete would be a productive use of resources for the parties.

Respectfully submitted,

SLATER SLATER SCHULMAN LLP

*John C. Luke, Jr.*
John C. Luke, Jr.

cc: All Counsel of Record (VIA ECF)